**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

SUSTAINABLE COMMUNITY )
DEVELOPMENT, LLC, et al., )
  )
     Plaintiffs, )
  )
v. )
  )     No. 07-0640-CV-W-DW
  )
EMRO USA, INC. a/k/a EMRO USA )
EFFECTIVE MICROORGANISMS, et al., )
  )
     Defendants. )

**ORDER**

Before the Court is Defendants' Motion to Dismiss or, Alternatively, to Transfer (Doc. 16). For the following reasons, the motion is granted.

    I.    <u>Background</u>

Plaintiff, Sustainable Community Development, LLC, previously filed an action in this Court against the EMRO Defendants on July 29, 2005 (the "2005 Case"). In that suit, Plaintiff claimed that Defendants were engaged in unfair competition and fraudulent advertising and sought injunctive and monetary relief. The 2005 Case was voluntarily dismissed based on an agreement between the parties.

On August 20, 2007, Defendants sent these Plaintiffs a cease-and-desist letter threatening suit for actions in connection with marketing and selling certain natural microbial products allegedly in violation of EMRO's intellectual property rights. In the letter, Defendants set a ten-day deadline for response. Plaintiffs did not respond to this letter and initiated the instant action on August 30, 2007. In the instant action, Plaintiffs seek declaratory judgment that they have not

infringed or diluted EMRO's intellectual property rights and also challenge the validity of EMRO's claimed intellectual property rights.

On September 17, 2007, after filing the instant suit, Plaintiffs sent a letter to Defendants disputing the issues raised in the cease-and-desist letter and informing Defendants that "[b]ased on your client's threats, my client has filed suit against your client in the United States District Court for the Western District of Missouri."

On September 18, 2007, after learning of the Missouri case, Defendants initiated a suit against these Plaintiffs in the United States District Court for the Northern District of Texas, Case No. 2-07CV-199-J (the "Texas Case"). In the Texas Case, EMRO claims trademark infringement, dilution, unfair competition under Texas Law and unfair competition under the Lanham Act and seek, *inter alia*, injunctive and monetary relief.

Defendants seek to dismiss or transfer this action to Texas arguing that although the Missouri action was filed first, compelling circumstances exist for allowing the Texas action to proceed and dismissing the Missouri action.

II.     Discussion

A federal court in which an action is first filed has the power to enjoin the parties from proceeding with a later-filed action in another federal court. Northwest Airlines, Inc. v. American Airlines, Inc., 989 F.2d 1002, 1004 (8th Cir. 1993). The purpose of this first-filed rule is "to conserve judicial resources and avoid conflicting rulings." Id. at 1006. The first-filed case thus generally should proceed "in the absence of compelling circumstances." United States Fire Ins. Co. v. Goodyear, 920 F.2d 487, 488 (8th Cir. 1990).

In Northwest Airlines, the Eighth Circuit identified two factors that "send up red flags

2

that there may be compelling circumstances." Northwest Airlines, 989 F.2d at 1007. One factor is whether the first-filer knew that the other party was considering filing suit and raced to the courthouse to preempt the other party's filing. The timing of the filings is often an indicator of the first-filer's intent. In Northwest Airlines, for example, the court found that because six weeks passed between a letter in which American first "blew smoke" about potential litigation and Northwest's suit, and then another six weeks passed between the filing of Northwest's suit and the filing of American's suit, American had not contemplated filing suit until after Northwest had filed.

Here, EMRO sent Plaintiffs a cease-and-desist letter on August 20, 2007. Therein, EMRO asserted its rights to the exclusive use of the trademarks at issue between the two parties and explicitly indicated its intent to pursue litigation. Rather merely than "blowing smoke" about potential litigation, the EMRO letter required a response by a certain date. Plaintiff filed its declaratory action in this Court on the response deadline presented in EMRO's cease-and-desist letter and did not immediately serve summons on Defendants. Upon receipt of notice of this lawsuit, Defendants initiated a suit in Texas *the next day*. Unlike American in the Northwest Airlines case, Defendants clearly contemplated filing suit and did not delay in doing so. On the facts presented to the Court, it appears that Plaintiff's suit in this Court was an attempt to preempt a suit in Texas.

The second factor noted by the Northwest Airlines court is the nature of the first-filed suit. An action for declaratory judgment, for example, may "be more indicative of a preemptive strike than a suit for damages or equitable relief." Northwest Airlines, 989 F.2d at 1007. Plaintiffs seek declaratory judgment in this case. Consistent with Northwest Airlines, the Court

3

finds the nature of the Missouri case to be "indicative of a preemptive strike."

Plaintiffs' argument that the instant action is a continuation of the 2005 action filed in this Court is unavailing. After reviewing the complaints filed in each case, the Court finds that while both suits arise under the Lanham Act, they are not so related as to justify characterizing the instant suit as a continuation of the prior litigation. Further, the Court notes that when Plaintiffs initially filed the instant action they did not indicate to the Court that there was a related case previously filed in this district and did not reference the prior suit in their Complaint.

For the reasons discussed herein, the Court finds compelling circumstances to depart from the first-filed rule.

III.     Conclusion

Accordingly, the Court ORDERS that

1)      Defendants' Motion to Dismiss or, Alternatively, to Transfer (Doc. 16) is GRANTED.

2)      The above-captioned action is hereby DISMISSED.

Date:   February 20, 2008                                    /s/ Dean Whipple
                                                                      Dean Whipple
                                                          United States District Judge

4